IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STANLEY MAIN,

Plaintiff,

v.

INVESTMENT RETRIEVERS, INC., et al.,

Defendants.

Case No. 6:13-CV-1971-MC

OPINION AND ORDER

MCSHANE, Judge:

Defendant Investment Retrievers Inc. moves for summary judgment in this action surrounding its efforts to collect a debt allegedly owed by plaintiff Stanley Main. Main previously stipulated to dismissal of the other defendants, leaving Investment Retrievers as the sole remaining defendant. For the reasons stated below, defendant's motion for summary judgment, ECF No. 21, is GRANTED.

## BACKGROUND[1]

The core of this case surrounds the events that took place while Investment Retrievers attempted to secure payment of certain debts that Main may have owed. During this time, the defendant, a debt collection agency, contacted the plaintiff's girlfriend, now Mrs. Main, six times after an initial contact on February 28, 2011 and allegedly informed her of Main's debts with defendant. In attempting to collect the debt and locate Main, Investment Retrievers disclosed some account information to Mrs. Main.

Investment Retrievers had not directly contacted Main himself regarding the debt prior to March 4, 2011. On October 25, 2011, Main requested a copy of his credit report, which showed a debt for $14,740.00 to Investment Retrievers. Main disputed the debt directly to the defendant and asked for verification and validation. Through a series of letters and responses, the parties exchanged essentially the same paperwork and requests until January 9, 2012,[2] when Investment Retrievers stopped direct contact with Main and instead used various law firms as intermediaries for any communication. Investment Retrievers never contacted Main regarding an initiated or completed investigation regarding the debt.

On January 25, 2013, Investment Retrievers contacted Main through a law firm. Main again stated he wished to dispute the debt and asked for verification and validation of the debt. On May 28, 2013, another law firm contacted plaintiff to collect the debt. Main again stated he wished to dispute the debt and asked for verification and validation. The law firm sent a letter stating the enclosed materials complied with and exceeded any requirements for documentation. Neither law firm contacted a credit reporting agency to report the account as "in dispute" or

---

[1] The following facts are taken from the complaint, reply and declarations supporting motions for summary judgment.

[2] Although the pleadings state January 9, 2011, this is clearly an error as that date predates any contact between the two parties.

disclosed information to Main about a completed or initiated investigation into the dispute of the debt. Main alleges that as of the time of filing, the credit reporting agencies report the debt as owing.

## STANDARDS

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id*. The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

### I. Claims 1, 3, 4 and 9: Fair Debt Collection Practices Act- 15 U.S.C. §1692

The purpose of the Fair Debt Collection Practices Act (FDCPA) is to eliminate abusive debt collection practices and to create uniform protections for consumers. *See* 15 U.S.C. § 1692. A consumer is defined as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Debt is defined as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services

which are the subject of the transaction are primarily for personal, family, or household purposes." *Id*. at (5). "[T]he [FDCPA] applies to consumer debts and not business loans." *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992). When determining the type of debt, a court must examine the transaction as a whole, paying attention to the particular purpose and treat substance over form. *Slenk v. Transworld Sys. Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001).

Although Main makes many allegations about improper communication with third parties about the debt and other alleged improprieties on the part of Investment Retrievers, a threshold question under FDCPA is whether the debt is in fact a consumer debt. *Slenk v. Transworld Sys. Inc.*, 236 F.3d at 1075. The debt here is a commercial debt. Main's response to the motion for summary judgment cites to his exhibit 4 to substantiate that there is no debt at all. He additionally repeatedly refers to the debt as the alleged debt. Based upon Main's letters to the defendant and the arbitration hearing's findings, I assume Main means to say there is no debt for which he is personally liable as the debt in question was for Main Construction Company and was a business line of credit.

This does not affect the characterization of the debt nor is it a material fact to the claims Main alleges. The limited record regarding the type of loan indicates that it was an ordinary business loan and not for any personal use. Main confirmed this much at oral argument. That the parties disagree over whether Main in fact agreed to personally guarantee the business loan does not somehow make the underlying debt a consumer debt. *See id*. at 1076 (in determining whether a debt is a consumer or business debt, courts look to "true nature of the debt" and not to the method in which the debt collector attempts to collect the debt). Thus, based upon the information within the plaintiff's pleadings, the loan documents, the letters Main wrote to Investment Retrievers, and Main's concession at oral argument, I find the debt at issue is not a

consumer debt. Thus, Investment Retriever's motion for summary judgment on the FDCPA claims is GRANTED.

**II. Claim 2: Telecommunication Consumers Protection Act (TCPA) - 47 U.S.C. § 227**

Any claim under the TCPA is barred after two years from the date of any violation. 47 U.S.C. § 227(e)(5)(a)(iv). The statute of limitation bars Main's TCPA claim. Assuming the admissibility of the affidavit of Catrina Main and construing the evidence in the light most favorable to Main, the first call occurred in late February of 2011, and the last call occurred in May 2011.[3] Main filed this action on November 6, 2013. Thus, Main's TCPA claim is barred by the two-year statute of limitation and summary judgment is granted as to that claim.

**III. Claims 5-8: Fair Credit Reporting Act (FCRA)- 15 U.S.C. § 1681s-2**

Main, alleges under 15. U.S.C. §§ 1681s-2(a) and 1681s-2(b) that Investment Receivers did not investigate the disputed debt as per their statutory duty. Main does not have standing to sue under § 1681s-2(a) because he is not one of the government agencies or state officials statutorily permitted to maintain a cause of action under that subsection. Main's claims under § 1681s-2(b) fail because he does not allege nor submit any evidence demonstrating that a credit reporting agency (CRA) notified Investment Retrievers of a dispute regarding the debt.

There are two instances when a furnisher of information has a duty to investigate a dispute of a debt. The first is found within 15 U.S.C. § 1681s-2(a)(8) and broadly states a furnisher has a duty to investigate when a consumer of debt directly disputes the debt to the furnisher. Congress has directed a combination of administrative agencies to compile a set of regulations to ascertain when a furnisher has a duty to investigate once a consumer directly

[3] Although Catrina Main's declaration states the last call occurred in "May, 201," Main Resp., Ex 8, 2, it is clear based on the pleadings and other briefings the last call occurred in May 2011.

disputes a debt to them. 15 U.S.C. § 1681s-2(a)(8). The second duty to investigate is found within 15 U.S.C § 1681s-2(b) and states that a duty to investigate is triggered when a consumer disputes a debt to a CRA and that CRA then notifies the furnisher that the debt is in dispute. Furnishers are sources that provide consumer credit information to CRAs and include debt collectors. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153, & n. 7, (9th Cir. 2009). Main is correct in his assertion that Investment Retrievers had a duty to investigate under the regulations for § 1681s-2(a). However, as explained below, Main is not a proper party to bring a civil action under this subsection.

Sections 1681n and 1681o create private causes of action against those who willfully (§1681n) and negligently (§1681o) fail to comply with duties under the FCRA. 15 U.S.C. § 1681s-2(c) explicitly carves out subsection (a) – providing a duty to investigate when directly notified by a consumer – from liability under 15 U.S.C. §§ 1681n and 1681o. Under 15 U.S.C. §1681s-2(d) the duties under subsection (a) that are not actionable by private individuals are, instead, to be enforced exclusively by the federal agencies and state officials identified in 15 U.S.C. § 1681s. The agencies and officials granted such enforcement power include the Federal Trade Commission and the chief law enforcement officer of a state. *See* 15 U.S.C. § 1681s. Noting this statutory scheme, Courts have explicitly limited the private right of action to claims arising under § 1681s-2(b). *Gorman*, 584 F.3d at 1154. They have further held that a furnisher's duty to investigate when directly notified as to a dispute by a consumer under section (a) does not trigger a duty under section (b). *Id*.

Violations of duties that are subject to §§ 1681n & 1681o provide a monetary remedy to the consumer. *See* 15 U.S.C. §§ 1681n, 1681o. Section 1681n provides for actual damages under $1,000, attorney fees and any punitive damages the court may allow. Section 1681o provides for

actual damages of any amount and reasonable attorney fees. However, for duties enforced exclusively by an applicable agency or state official, relief is limited to forcing compliance and possibly imposing civil penalties, the amount of which is determined by the nature and number of violations committed. *See* 15 U.S.C. § 1681s. Courts have explained that the reasons behind the two subsection's different rights of action, and the subsequent remedial schemes mentioned above, are due to an interplay of competing interests between consumers, CRAs and furnishers along with an ability (within § 1681s-2(b)) for furnishers to limit their liability in non-direct dispute situations. *See Gorman*, 584 F.3d at 1154 n. 9 (citing *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002)). Thus, for the reasons above, because Main is not the proper party to maintain a civil action under § 1681s-2(a), summary judgment is granted for Investment Retrievers for these claims.

Main's claims under § 1681s-2(b) likewise fail because Main has not alleged nor provided support for a violation of subsection (b). As stated above, subsection (b) creates a duty to investigate a dispute when a consumer disputes a debt to a CRA and that CRA then notifies the furnisher of the debt via a consumer dispute verification form (CDV). There is neither an allegation nor evidence that a CRA submitted a CDV to the defendant.[4] In fact, to the contrary, Ms. MacFarlane, in a declaration accompanying Investment Retriever's motion for summary judgment, states that no CRA ever contacted Investment Retriever about a dispute regarding Main's debt. Main provides no evidence contradicting this declaration or otherwise demonstrating that there is an issue of fact on this issue.

Main did submit an exhibit of a letter sent to him by a CRA stating that the CRA noted the debt was disputed and that the status of the debt was "updated." *See* ECF No. 30, 3-6.

---

[4] Main did submit an exhibit showing that a CRA did note the debt as disputed and its status as "updated." However, this exhibit does not state the CRA notified Investment of the dispute.

However, the letter does not state the CRA sent a CDV to defendant. Even assuming the letter is admissible, it does not create a genuine issue of material fact. Further, even assuming defendant received a CDV, no reasonable jury could find under these facts that defendant's investigation into this alleged debt was unreasonable under the circumstances. After all, Main does not dispute signing the loan documents for the business loan. The letter sent from the CRA to Main regarding the dispute states "If you agreed to be personally responsible for payments on your company's account, the account may appear on your personal credit report." ECF No. 28-1, 17. That an arbitrator ultimately concluded defendant did not meet its burden of proof demonstrating Main agreed to be personally liable for the debt does not mean defendant conducted an unreasonable investigation into the debt. While I understand Main's frustrations dealing with defendant regarding this disputed debt—especially considering an arbitrator ruled in Main's favor—there is simply no evidence suggesting defendant's investigation of the debt (assuming it even received a CDV) was unreasonable under section 1681s-2(b) of the FCRA. The FCRA does not require a furnisher's investigation of a CDV be correct. It merely requires the investigation be reasonable under the circumstances.

## CONCLUSION

Defendant's motion for summary judgment, ECF No. 21, is GRANTED.

IT IS SO ORDERED.

DATED this 18th day of July, 2014.

_____/s/ Michael McShane_____
Michael McShane
United States District Judge